IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

JOSE ANTONIO DÍAZ GONZALEZ

Case No. 13-03069

Chapter 7

Debtor (s)

## DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS (Doc#12)

TO THE HONORABLE COURT:

COMES NOW, Debtor, represented by the undersigned counsel and in response to TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS respectfully ALLEGES, PRAYS and STATES as follows:

1. On July 20, 2013, the Chapter 7 Trustee, Noemí Landrau (hereinafter, the "Trustee") filed an Objection to Claimed Exemptions (the "Trustee's Objection") claimed by Debtor in the above captioned case.

2. The Trustee objects to the amounts claimed as exempt or the application of the exemption over the property scheduled as "2004 Mitsubishi Montero" pursuant to 32 L.P.R.A. 1130(6).

Debtor respectfully submits that the Trustee's Objection is without legal merit and thus must be denied. In support thereof, Debtor states as follows:

### LEGAL ARGUMENTS

Trustee's argument is procedurally deficient and legally incorrect for the reasons stated bellow:

a. <u>The 2005 Mitsubishi Montero has been correctly and properly exempted with 32 L.P.R.A. § 1130 (6).</u>

The Trustee has objected to Debtor's claim of exemption alleging, with what one can only assume an ephemeral and shallow reading of §1130(6), that the "exemption is to be claimed over an animal and a 2004 Mitsubishi Montero is not an animal." The Trustee incorrectly alleges the inapplicability of the exemption without any citations or legal authority that supports her interpretation of the law; despite of the fact that there is legal precedent to that matter. Puerto Rico's Supreme Court has determined that the phrase "or other equipment" used in the English text of subdivision 6 of this section immediately after the words "one horse with vehicle and harness" should be construed as including an automobile". *Quiñones v. Gutierrez,* **29 DPR 718 (1921)**. In addition, a recent opinion from a Bankruptcy Court in our Puerto Rico District; **In Re Román Rivera,** 2013 Bankr. LEXIS 2362; **(PR Dist. Bankr. Ct. 12-09036,** *Dck.* **#30),** is instructive in this matter. The **Román Rivera** Court held that motor vehicles can be claimed exempt with §1130(6):

> "In Quiñones v. Gutierrez, *supra*, Puerto Rico's Supreme Court ruled that the word "equipment" used in Article 249(3) of Puerto Rico's Code of Civil Procedure, "following the idea of a liberal interpretation ... must refer to any other means by which a physician makes his rounds." 29 P.R.R. at 721, 29 D.P.R. at 775. It further found that "while [32 L.P.R.A. § 1130(6)] does not use 'or other vehicle' it does say 'or other equipment', and these words in their connection must mean automobile, because the one horse vehicle and harness described in the statute are already the equipment of a physician to attend to his patients." 29 P.R.R. at 723, 29 D.P.R. at 777.
> Following the liberal interpretation of Puerto Rico exemption statutes established in Luguna v. Quiñones, 23 D.P.R. 386 (1916), and the inclusion of automobiles under 32 L.P.R.A. § 1130(6) pursuant to Quiñones v. Gutierrez, *supra*, within the scope of the statute, the court finds that both automobiles (one for each co-debtor) are allowed as

exempt as long as the Debtors demonstrate that the automobiles are essential to conduct their professional responsibilities."

Accordingly, Debtor has correctly exempted the 2004 Mitsubishi Montero pursuant to 32 L.P.R.A. § 1130(6). Debtor as part of his duties as a produce salesman/distributor, utilizes the vehicle to perform said duties, namely, business meetings, payment collections.

Moreover, the Trustee has erroneously pointed out that the 2004 Mitsubishi Montero is used for personal use. This allegation is made based on incorrect assumptions from Debtor's testimony during the Meeting of Creditors pursuant to 11 USC §341. Namely, Debtor testified that his non-filing spouse also uses the 2004 Mitsubishi Montero. From that statement, the Trustee falls into the logic fallacy that the vehicle is solely for personal use. **In re David Roman Rivera,** *supra,* has stated that motor vehicles are to be exempt with §1130 (6) as long as the vehicle is used for professional responsibilities. Debtor is a produce (plantains) seller/distributor. Debtor uses the 2004 Mitsubishi Montero to run the errands related to said sales and distribution such as: payment collections, attend business meetings with clients. No doubt this vehicle is necessary to the debtor's professional use.

Therefore, Trustee's Objection to Exemptions claimed for 2004 Mitsubishi Montero must be denied.

**WHEREFORE**, it is respectfully requested of this Honorable Court to grant the foregoing motion and deny the Trustee's Objection to Exemptions.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF System and by regular United States mail to all interested parties.

### 30 DAY NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST

You are hereby notified that you have twenty one (30) days from the date of this notice to file an opposition to the foregoing motion and to request a hearing. If no objection or other response is filed within the prescribed period of time, the Debtors motion will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If a timely opposition is filed, the court will schedule a hearing as a contested matter.

**RESPECTFULLY SUBMITTED**

IN SAN JUAN, PUERTO RICO, this 16 day of September, 2013.

**THE BATISTA LAW GROUP, PSC.**
Jesus E. Batista Sanchez, USDC # 227014
Counsel for Debtor
Condominio Mid-Town Center
420 Ave. Juan Ponce De Leon
Suite 901
San Juan, PR. 00918
Telephone: (787) 620-2856
Fax: (787) 777-1589 & (787) 620-2854

E-mail: jesus.batista@batistalawgroup.com

/s/ Jesus E. Batista Sanchez, Esq